{¶ 13} I concur with the majority's disposition of appellant's sole assignment of error, but disagree with the majority's implicit determination that appellant, by failing to "raise any issues about the conditions of probation," has waived such issue.
 {¶ 14} As the majority notes in its Opinion, the trial court, after outlining the terms and conditions of probation, indicated to appellant that, if the terms and conditions were not acceptable, it would be preferable if appellant informed the trial court at such time. While appellant responded "Yes, Your Honor," I do not believe that appellant, in so stating, waived his right to challenge the terms and conditions of probation. Rather, appellant could simply have been indicating that he understood the trial court's preference.
 {¶ 15} However, that said, I concur with the majority's holding that the trial court did not abuse its discretion in ordering, as a condition of probation, that appellant not be employed in any position, office, or occupation in the law enforcement area. Appellant, as a deputy sheriff and former employee of a city police department, was employed in a position of trust. And, as a law enforcement officer, appellant should demonstrate that he respects and follows the law. He must not misuse his position of authority or the weapons he is authorized to carry. Appellant clearly violated such trust and showed disrespect for the law and another human being by taking his loaded service revolver and shoving it into the victim's mouth and telling her it's her night to die. The victim gave a detailed description of appellant's actions toward the victim and that description is contained in the pre-sentence investigation.
 {¶ 16} Clearly, appellant's use of his loaded service revolver in such manner has a direct bearing on appellant's performance of his duties as a law enforcement officer and has a direct bearing on his ability to function as one. Appellant, in a written statement that is part of his PSI, admitted that he should not have acted as he did and that, as a deputy sheriff, he should have followed his own advice to the public and left the residence to avoid any confrontation with the victim.
 {¶ 17} In view of the above facts and appellant's prior charge of domestic violence, I cannot say that the trial court abused its discretion.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.